ORIGINAL

MORRIS PICKERING
Kristina Pickering, No. 992
Rebecca Risse, No. 7155
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone:  (702) 474-9400
Facsimile:   (702) 474-9422

Attorneys for Defendant
Merck & Co., Inc.

## UNITED STATES DISTRICT COURT

### DISTRICT OF

CV-S-04-0608-JCM-LRL

ERIN HOLMES, individually; and
SHAWN HOLMES, individually,

              Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey
corporation; CLARK COUNTY, a political
subdivision of the STATE OF NEVADA;
CLARK COUNTY HEALTH DISTRICT;
and JOHN DOES I through X, inclusive;
and ROE CORPORATIONS I through X,
inclusive,

              Defendants.

**NOTICE OF REMOVAL**

TO:      ERIN HOLMES; SHAWN HOLMES; and their attorneys
ECKLEY M. KEACH and ROBERT H. MURDOCK; and

TO:      LANCE WILSON, Clerk, United States District Court for the District
of Nevada

      PLEASE TAKE NOTICE that defendant Merck & Co., Inc., a New
Jersey Corporation ("Merck"), hereby removes to this Court the state court action
entitled "Erin Holmes and Shawn Holmes v. Merck & Co., Inc., Clark County,
and Clark County Health District," Case No. A483456, filed in the Eighth Judicial

MORRIS PICKERING
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
(702) 474-9400
Fax (702) 474-9422

District Court for the State of Nevada in and for the County of Clark.  The grounds for removal are:

1.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a)-(c), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

2.      The complaint alleges that all plaintiffs are citizens of Nevada. Compl., ¶¶ 2-3.

3.      Defendant Merck & Co., Inc. is a New Jersey corporation, with its principal place of business in New Jersey.

4.      The amount in controversy, exclusive of interest and costs, exceeds $75,000 as to each plaintiff.  In the complaint, the plaintiffs request damages for mental anguish and emotional distress, medical expenses, out-of-pocket expenses, loss of companionship, pain and suffering of the decedent, attorneys' fees, general damages, and punitive damages, all purportedly arising from vaccinations administered to the decedent Jacob Holmes for which Merck allegedly is liable.  *See* Compl. ¶¶ 19-20, 22-25, 31-32, 31-32, 38-40, 50, 54, 59, 64, 65-70, p. 10; *Shaw v. Thrift Drug, Inc.*, No. Civ. A. 98-5170, 1998 WL 848103, at *1-2 (E.D. Pa. Dec. 4, 1998) (finding amount in controversy requirement satisfied where plaintiffs alleged variety of damages including bodily injury, medical bills, pain and suffering, and loss of earnings).

5.      Venue is appropriate in the unofficial southern division of this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) - (b) and Local Rule IA 8-1. This action was originally brought in the Eighth Judicial District for the State of Nevada, Clark County; the plaintiffs allege they are residents of Clark County, Nevada; and the complaint alleges that the events claimed to give rise to liability occurred in Clark County, Nevada.

MORRIS PICKERING
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
(702) 474-9400
Fax (702) 474-9422

2

6.     Copies of all process, pleadings and orders filed in the state court are attached hereto.  A true copy of the complaint filed in the state court is attached at Tab A; a true copy of the initial appearance fee disclosure is attached at Tab B; attached at Tabs C, D, and E are true copies of the summonses, with returns filled out, showing service on Merck and the County defendants.

7.     This notice of removal is timely filed within thirty days of service as required by 28 U.S.C. § 1446(b), in that it is filed within thirty days after April 12, 2004, which is the first date that any defendant in this action was served with the summons and complaint.

8.     The complaint names as defendants Clark County and the Clark County Health District ("Health District"), and alleges that Clark County and the Health District are political subdivisions of the State of Nevada.  Compl. ¶¶ 5, 6.  The Court can disregard the joinder of Clark County and the Health District in determining jurisdiction, because political subdivisions of the state of Nevada have sovereign immunity under NRS 41.032, meaning that the complaint fails to state a claim against either public entity.  Moreover, the plaintiffs voluntarily dismissed Clark County and the Health District by written stipulation, a copy of which Merck first received on May 10, 2004.  *See* Tab F.

9.     The defendants sued as JOHN DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive, are fictitious parties and are not relevant to the determination of subject matter jurisdiction.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

10.    The consent of the County and the Health District to removal is not necessary since their sovereign immunity and dismissal renders their presence irrelevant to the jurisdictional determination.  *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).  Nonetheless, Merck

MORRIS PICKERING
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
(702) 474-9400
Fax (702) 474-9422

3

is informed and believes and therefore alleges that Clark County and the Health District consent to removal.

11.     Defendant has prepared and will this day file with the Clerk of the Eighth Judicial District Court a copy of this notice.

DATED this __11th__ day of May, 2004.

MORRIS PICKERING

By _Rebecca Risse_

Kristina Pickering, No. 992
Rebecca Risse, No. 7155
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV  89101

Attorneys for Defendant
Merck & Co., Inc.

MORRIS PICKERING
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
(702) 474-9400
Fax (702) 474-9422

4

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of MORRIS PICKERING, and that on this day I deposited for mailing in the U.S. Mail at Las Vegas, Nevada, a true copy of the following enclosed in a sealed envelope upon which first class postage was prepaid: **NOTICE OF REMOVAL** TO:

Eckley M. Keach, No. 1154
Eckley M. Keach, Chtd.
520 S. Fourth St.
Las Vegas, NV 89101

Gloria Sturman
Edwards, Hale, Sturman & Cushing, Ltd.
415 South Sixth Street, Suite 300
Las Vegas, NV 89101

Robert H. Murdock, No. 4013
Murdock & Associates, Chtd.
520 S. Fourth St.
Las Vegas, NV 89101

DATED this 11 day of May, 2004.

By 

MORRIS PICKERING
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
(702) 474-9400
Fax (702) 474-9422

5

# ORIGINAL

FILED

APR 6  11 10 AM '04

*[signature]*

CLERK

1  COMP
Eckley M. Keach, Esq.
2  Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
3  520 South Fourth Street
Las Vegas, NV  89101
4  (702) 384-5563

5  Robert E. Murdock, Esq.
Nevada Bar No. 4013
6  MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
7  Las Vegas, NV  89101
(702) 384-5563
8  Attorneys for Plaintiffs

9

10                    **DISTRICT COURT**

11               **CLARK COUNTY, NEVADA**

12

13  ERIN HOLMES, individually; and        CASE NO. A483456
SHAWN HOLMES, individually,            DEPT. NO.  XVIII
14
Plaintiffs,
15                                        **COMPLAINT FOR DAMAGES**

16  vs.

17  MERCK & COMPANY, a New Jersey
corporation; CLARK COUNTY, a political
18  subdivision of the STATE OF NEVADA;
CLARK COUNTY HEALTH DISTRICT;
19  and JOHN DOES I through X, inclusive;
and ROE CORPORATIONS I through X,
20  inclusive,

21                    Defendants.

22       COME NOW plaintiffs Shawn Holmes and Erin Holmesby and through their attorneys of

23  record, Eckley M. Keach, Chtd. and Murdock & Associates, Chtd., and hereby allege as follows:

24                    **GENERAL ALLEGATIONS**

25       1.     This action is instituted for damages, attorney's fees, costs of suit and pre-judgment

26  interest.

    2.     At all times herein mentioned, plaintiff Erin Holmes was and is a resident of Clark

County, Nevada and decedent Jacob Holmes's natural mother.

COUNTY CLERK   RECEIVED   APR 0 6 2004

 

3.    At all times herein mentioned, plaintiff Shawn Holmes was and is a resident of Clark County, Nevada and decedent Jacob Holmes's natural father.

4.    Defendant Merck & Company, Inc. was and is a New Jersey corporation licensed to do business within the State of Nevada.

5.    Defendant Clark County is a political subdivision of the State of Nevada.

6.    Defendant Clark County Health District is a political subdivision of Clark County and the State of Nevada.

7.    The true names or capacities, whether individual, corporate, associate or otherwise, of defendants John Does I through X, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as Doe is negligently responsible in some manner for the events and happenings referred to herein and negligently caused injury and damages proximately thereby to plaintiffs as herein alleged. Plaintiffs will ask leave of court to amend this Complaint to insert the true names and capacities of said defendants Does I through X, inclusive, when same have been ascertained by plaintiffs, together with appropriate charging allegations and to join such defendants in this action.

8.    The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Roe Corporations I through X, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as Roe Corporation is negligently responsible in some manner for the events and happenings referred to herein and negligently caused injury and damages proximately thereby to plaintiffs as herein alleged. Plaintiffs will ask leave of court to amend this Complaint to insert the true names and capacities of said defendants Roe Corporations I through X, inclusive, when same have been ascertained by plaintiffs, together with appropriate charging allegations and to join such defendants in this action.

9.    Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, defendants, and each of them, including Does I through X, inclusive, and Roe Corporations I through X, were the agents, servants, employees and/or joint venturers of their co-defendants, and

2

 

1  jointly and severally liable to plaintiffs herein.

2      10.    On April 15, 2001, decedent Jacob Holmes was born in Clark County, Nevada.

3      11.    On April 16, 2002 when he was twelve months of age, decedent Jacob Holmes

4  received the MMR and varicella vaccinations at the Clark County Health District.

5      12.    Following the inoculation on April 16, 2002, decedent Jacob Holmes developed

6  various symptoms including a body rash, low grade fever, fussiness, decreased activity, not eating,

7  slight diarrhea and episodes of vomiting.

8      13.    On April 26, 2002, decedent Jacob Holmes was examined by his pediatrician, Paul

9  Smith, M.D., who assessed him as being encephalopathic. Jacob was taken by ambulance from Dr.

10  Smith's office to the hospital. His condition worsened and he was placed in the pediatric intensive

11  care unit until he was discharged on May 4, 2002. During his hospitalization, Jacob underwent

12  evaluations, consultations, diagnostic testing and laboratory analysis. Jacob was diagnosed as status

13  epilepticus with respiratory distress, hypertension and abnormal diagnostic results and scans.

14      14.    Over the following five months, Jacob's condition deteriorated and required

15  additional emergency room visits, including a transfer to UCLA Children's Hospital in Los Angeles,

16  California.

17      15.    Jacob Holmes died on October 25, 2002.

18                         **FIRST CAUSE OF ACTION**

19                              **(Negligence)**

20      16.    Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 15

21  herein and incorporate same by reference as though fully set forth herein.

22      17.    Plaintiffs' injuries were caused by the negligence, and gross negligence, of

23  defendants, and each of them, in that defendants, and each of them, manufactured, distributed,

24  marketed, sold and administered the MMR and varicella vaccines in such a negligent, careless,

25  reckless and wanton manner, and with willful and reckless disregard for the rights and safety of

26  plaintiffs, so as to cause the death of Jacob Holmes, proximately causing his injuries, damages, pain

27  and suffering and death as complained of herein.

28  //

3

 

18.     As a direct and proximate result of defendants' negligence as herein alleged, decedent Jacob Holmes was injured in and about his head, neck, back, body, limbs, organs and nervous system and was otherwise injured and caused to suffer great pain of body and mind prior to his death, all to plaintiffs' general damage in an amount in excess of $10,000.00.

19.     As a further and direct and proximate result of defendants' negligence as herein alleged, plaintiffs have incurred expenses for medical care and treatment and funeral expenses, all to their damage in a sum according to proof at trial.

20.     As a further direct and proximate result of the negligence of defendants, and each of them, plaintiffs have suffered physical and emotional injuries as herein set forth which has damaged plaintiffs Erin Holmes and Shawn Holmes in that they have suffered the loss of enjoyment of life; plaintiffs are informed and believe and thereon allege that such expenses will continue in the future, all to their general damage in an amount in excess of $10,000.00.

21.     As set forth hereinabove, defendants, jointly and severally, through their negligent, careless, reckless acts and without regard to the safety and well-being of others, directly and proximately caused the death of Jacob Holmes.

22.     As a direct and proximate result of the negligent actions and conduct and breaches of duty of defendants as herein alleged, plaintiffs are entitled to damages for their grief, sorrow, loss of probable support, companionship, society, comfort and damages for pain, suffering and/or disfigurement of the deceased, all in an amount in excess of $10,000.00.

23.     As a direct and proximate result of the negligent actions, conduct and breaches of duties of defendants as herein alleged, plaintiffs are entitled to all losses and damages which decedent sustained, including, but not limited to, damages for pain and suffering by the decedent from the violent and terrifying injuries suffered and the terror he experienced up until the point of death, and losses for companionship, society and comfort in an amount in excess of $10,000.00.

24.     As a further and direct and proximate result of the negligence of defendants, and each of them, as herein alleged, plaintiffs Erin Holmes and Shawn Holmes have incurred expenses for the medical care and treatment of their son and expenses incidental thereto, all to their damage in a sum according to proof at trial and requests all damages available pursuant to NRS 41.085.

4



25. It has become necessary for plaintiffs to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### (Strict Product Liability)

26. Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 25 herein and incorporate same by reference as though fully set forth herein.

27. At all time mentioned herein, defendants Merck & Company, Inc. and Does I through X, inclusive, and Roe Corporations I through X, inclusive, and each of them, were the manufacturers, designers, suppliers, assemblers, distributors, sellers, inspectors, marketers, warranters, and/or advertisers of the MMR and varicella vaccinations, which contained design and/or manufacturing defects, thereby rendering the vaccinations unsafe and dangerous for use by the consumer, user and/or bystander. Defendants also failed to provide adequate warnings or instructions to consumers and users of the vaccinations concerning the risks associated with inoculations.

28. On April 16, 2002 decedent Jacob Holmes was inoculated with the MMR and varicella vaccinations in the manner in which they were intended.

29. Following the inoculations, decedent Jacob Holmes developed symptoms and ultimately died on October 25, 2002 as a result of the side effects of the MMR and varicella vaccinations.

30. As a direct and proximate result of the defective design and manufacturing of the MMR and varicella vaccinations, which defects existed at the time the vaccinations left the hands of the manufacturer and distributor, and as a result of the conduct of defendants, and each of them, including Does I through X, inclusive, and Roe Corporations I through X, inclusive, the vaccinations failed to perform in the manner to be reasonably expected, causing the death of Jacob Holmes, all to plaintiffs' general damage in an amount in excess of $10,000.00.

31. As a direct and proximate result of the conduct of the defendants, including Does I through X, inclusive, and Roe Corporations I through X, and each of them, and the defective conditions of the vaccinations, plaintiffs have each incurred medical expenses in an amount not yet

5




1  ascertained, and when said amounts are ascertained, plaintiffs will seek leave of Court to amend this

2  Complaint to allege said amounts.

3         32.    It has become necessary for plaintiffs to retain the services of an attorney to prosecute

4  this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

5                              **THIRD CAUSE OF ACTION**

6                                  **(Negligent Design)**

7         33.    Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 32

8  herein and incorporate same by reference as though fully set forth herein.

9         34.    At all times mentioned herein, defendants, and each of them, were negligent in the

10 design, testing, manufacture, inspection, marketing, distribution, and sale of the products.

11        35.    At all times mentioned herein, defendants, and each of them, knew or should have

12 known that their products were not reasonably safe as designed, manufactured, tested and marketed;

13 that the products contained ingredients which were harmful to individuals while they were being

14 vaccinated in the proper manner.

15        36.    At all times mentioned herein, defendants, and each of them, disregarded this

16 knowledge to the detriment of plaintiffs and other consumers of the product.

17        37.    At all times mentioned herein, defendants, and each of them, were negligent, careless

18 and reckless in failing to warn their intended consumers of the above risks and consequences

19 associated with the product as it was their duty to so inform.

20        38.    As a direct and proximate result of the actions of defendants, and each of them,

21 plaintiffs were injured in their bodies and their spirit, were caused to suffer extreme and severe pain,

22 distress, mental and emotional distress and upset, which injuries may be permanent and progressive,

23 and are all to their damage in an amount in excess of $10,000.00.

24        39.    As a further direct and proximate result of the negligence and careless actions of

25 defendants, and each of them, plaintiffs were caused to incur medical expenses for the care and

26 treatment of those injuries Jacob received in this incident, which expenses are all to their damage

27 in a sum according to proof at trial. Plaintiffs are informed and believe and thereon allege that such

28 expenses will continue in the future, all to their damage and in a presently unascertainable amount,

                                           6

 

1    and in this regard, plaintiffs pray leave of court to insert all damages herein when same have been

2    fully ascertained.

3        40.    It has become necessary for plaintiffs to retain the services of an attorney to prosecute

4    this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

### FOURTH CAUSE OF ACTION

### (Failure to Warn)

7        41.    Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 40

8    herein and incorporate same by reference as though fully set forth herein.

9        42.    Defendants had a duty to warn plaintiffs of any dangers or hazards faced by plaintiffs

10   when decedent Jacob Holmes was inoculated with the MMR and varicella vaccinations, which duty

11   was breached by defendants as more fully set forth hereinabove.

12       43.    As a direct and proximate result of the actions, conduct and breach of duties by

13   defendants, and each of them, as herein alleged, plaintiff has suffered the damages stated herein.

### FIFTH CAUSE OF ACTION

### (Misrepresentation)

16       44.    Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 43

17   herein and incorporate same by reference as though fully set forth herein.

18       45.    At all times mentioned herein, defendants Merck & Company, Inc. was engaged in

19   the business of, among other things, providing vaccines for inoculating children for the prevention

20   of various diseases, including measles, mumps and rubella, and provided such product to decedent

21   Jacob Holmes.

22       46.    At all times mentioned herein, defendant Clark County Health District was engaged

23   in the business of, among other things, inoculating children for the prevention of various diseases,

24   including measles, mumps and rubella, and provided such product to decedent Jacob Holmes.

25       47.    Defendants Merck & Company, Inc. and Clark County Health District, and each of

26   them, misrepresented the quality of Merck's products and the risks associated with the products

27   which would be material to plaintiffs herein as potential purchasers and users.

28   //

7

 

48.    Plaintiffs, and each of them, were persons who would reasonably be expected to use the Merck vaccines and did justifiably rely upon the misrepresentation of defendants, and each of them, with respect to the vaccines.

49.    As a direct and proximate result of the misrepresentation of the products by defendants, and each of them, plaintiffs have suffered injuries and damages described herein.

50.    It has become necessary for plaintiffs to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION

### (Express Warranty)

51.    Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 50 herein and incorporate same by reference as though fully set forth herein.

52.    At the time defendants, and each of them, placed the Merck vaccines into the stream of commerce, defendants, and each of them, expressly warranted that the products were safe for their intended use. The products were not safe for their intended use and defendants breached an express warranty.

53.    As a direct and proximate result of defendants' breach of warranty, plaintiffs have suffered severe and permanent injuries as more fully described herein.

54.    It has become necessary for plaintiffs to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Implied Warranty of Merchantability)

55.    Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 54 herein and incorporate same by reference as though fully set forth herein.

56.    At the time they placed the products into the stream of commerce, defendants, and each of them, extended an implied warranty to plaintiffs and others that the products were merchantable.

57.    At all times mentioned herein, the products were not merchantable and the aforesaid implied warranty made by defendants, and each of them, was breached.

8

 

58. As a direct and proximate result of defendants' breach of warranty, plaintiffs have suffered severe and permanent injuries as more fully described herein.

59. It has become necessary for plaintiffs to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

## EIGHTH CAUSE OF ACTION

### (Implied Warranty of Fitness for a Particular Purpose)

60. Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 59 herein and incorporate same by reference as though fully set forth herein.

61. At the time defendants, and each of them, sold the products and had reason to know that the products were required and purchased for a particular purpose and the ultimate user of the product was relying upon defendants' skill and judgment to select and or furnish products suitable for the particular purpose.

62. At the time of use of the products, plaintiffs did in fact rely on the skill and judgment of defendants, and each of them, to select and provide suitable products for the purpose of preventing various diseases and an implied warranty of fitness for a particular purpose existed at the time of the sales.

63. As a direct and proximate result of defendants' breach of implied warranty of fitness for a particular purpose, plaintiffs have suffered severe and permanent injuries more fully described herein.

64. It has become necessary for plaintiffs to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

## NINTH CAUSE OF ACTION

### (Punitive Damages)

65. Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 64 herein and incorporate same by reference as though fully set forth herein.

66. Defendants, and each of them, were aware of problems relating to the design and manufacture of the MMR and varicella vaccines prior to the sale of such vaccines to plaintiffs.

//

9

 

67.   Specifically, upon information and belief, defendants were aware that the vaccines could cause serious harm and possibly death to person(s) such as plaintiffs.

68.   Despite such knowledge, defendants, and each of them, allowed such vaccines to be introduced into the stream of commerce.

69.   Such conduct was willful, wanton, reckless and malicious in reckless disregard for the rights and safety of others, including in this instance, plaintiffs.

70.   Such conduct requires the imposition of punitive and/or exemplary damages in excess of $10,000.00.

71.   It has become necessary for plaintiffs to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

WHEREFORE, plaintiffs, and each of them, pray for judgment against defendants, and each of them, as follows:

1.   For general damages in a sum in excess of $10,000.00;

2.   For the damages for the wrongful death of Jacob Holmes, said damages to include, but not be limited to, general damages in an amount in excess of $10,000.00, special damages to be shown at trial, punitive damages in an amount in excess of $10,000.00 and attorney's fees and costs of suit;

3.   For attorney's fees and costs incurred; and

4.   For such other and further relief as the Court deems just and proper.

ECKLEY M. KEACH, CHTD.
MURDOCK & ASSOCIATES, CHTD.



Eckley M. Keach    Bar No. 1154
Robert E. Murdock    Bar No. 4013
520 South Fourth Street
Las Vegas, NV 89101
Attorneys for Plaintiffs

10

**● ORIGINAL ●**

IAFD
Eckley M. Keach, Esq.
Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563

Robert E. Murdock, Esq.
Nevada Bar No. 4013
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563
Attorneys for Plaintiffs

**FILED**
APR 6 11 11 AM '04
_____
CLERK

# DISTRICT COURT

## CLARK COUNTY, NEVADA

**A 483456**
**XVIII**

ERIN HOLMES, individually; and
SHAWN HOLMES, individually,

                    Plaintiffs,

vs.

MERCK & COMPANY, a New Jersey
corporation; CLARK COUNTY, a political
subdivision of the STATE OF NEVADA;
CLARK COUNTY HEALTH DISTRICT;
and JOHN DOES I through X, inclusive;
and ROE CORPORATIONS I through X,
inclusive,

                    Defendants.

CASE NO.
DEPT. NO.

**INITIAL APPEARANCE
FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

| | |
|---|---|
| Plaintiff Erin Holmes | $133.00 |
| Plaintiff Shawn Holmes | 30.00 |
| TOTAL REMITTED | $163.00 |

//

RECEIVED
APR 0 6 2004
COUNTY CLERK

DATED this 6th day of April, 2004.

ECKLEY M. KEACH, CHTD.
MURDOCK & ASSOCIATES, CHTD.

Eckley M. Keach       Bar No. 1154
Robert E. Murdock     Bar No. 4013
520 South Fourth Street
Las Vegas, NV  89101
Attorneys for Plaintiffs

2

ORIGINAL

**SUMM**
Eckley M. Keach, Esq.
Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, NV  89101
(702) 384-5563

Robert E. Murdock, Esq.
Nevada Bar No. 4013
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, NV  89101
(702) 384-5563
Attorneys for Plaintiffs

*Shirley B Parraguirre*

APR 22  11 22 AM '04

FILED

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

|  |  |
|---|---|
| ERIN HOLMES, individually; and SHAWN HOLMES, individually, | CASE NO. A 483456 |
| Plaintiffs, | DEPT. NO. A XVIII |
| vs. | SUMMONS |
| MERCK & COMPANY, a New Jersey corporation; CLARK COUNTY, a political subdivision of the STATE OF NEVADA; CLARK COUNTY HEALTH DISTRICT; and JOHN DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, |  |
| Defendants. |  |

**NOTICE: YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**     **MERCK & COMPANY**

1.     A civil complaint has been filed by Plaintiff against you for the relief set forth in the complaint.

2.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

RECEIVED
APR 2 2 2004

1         (a)    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

2         (b)    Serve a copy of your response upon the attorney whose name and address is

3  shown below.

4         3.    Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result

5  in the taking of money or property or other relief requested in the Complaint.

6         4.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

7                              **SHIRLEY PARAGUIRRE, Clerk of Court**

8

9                        By _____  APR 0 ᴼ 2004

10                        Deputy Clerk              Date
                         . Clark County Courthouse TEODORA JONES
                         200 South Third Street

11                        Las Vegas, NV 89155

12

13  Issued at the direction of:

14  ECKLEY M. KEACH, CHTD.
    MURDOCK & ASSOCIATES, CHTD.

15

16

17  Eckley M. Keach    Bar No. 1154
    Robert E. Murdock    Bar No. 4013

18  520 South Fourth Street
    Las Vegas, NV 89101
    Attorney for Plaintiffs

19

20

21

22

23

24

25

26

27

28

|  |  |  |
|---|---|---|
| ERIN HOLMES, INDIVIDUALLY; AND SHAWN HOLMES, INDIVIDUALLY | ) ) ) | **DISTRICT COURT CLARK COUNTY, NEVADA**<br>Docket/Index # A483456 |
| V. | ) ) | **Affidavit of Service** |
| MERCK & COMPANY, ET AL | ) ) |  |

**State of New Jersey**         SS:

**County of Bergen**

I, **JAMES REAP** being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, has no direct personal interest in this litigation, is over 18 years of age and resides in, the State of New Jersey.

That on **April 14, 2004 at 1:00 PM**, deponent served the within-named **SUMMONS AND COMPLAINT** upon **MERCK & CO., INC..** Said service was effected at **MERCK & CO., INC. , Corporation Trust Company - Registered Agent, 820 Bear Tavern Road, Trenton, NJ 08628**, in the following manner;

A foreign corporation, by delivering thereat a true copy of each to **LESLIE LOFTON** personally. Deponent knew said corporation so served to be the corporation described as **MERCK & CO., INC.** and knew said individual to be an authorized person to accept service of process.

**LESLIE LOFTON** is described to the best of deponent's ability at the time and circumstances of service as follows:
Sex: **Female**  Skin: **White**  Hair: **Black**  Age(Approx): **30**  Ht.(Approx): **5' 7"**  Wt.(Approx): **130-140 lbs**

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me on April 16, 2004

_DONNA JEAN ARCIUOLO_
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 11/27/07

JAMES REAP, Process Server
Callahan Lawyers Service
50 Main Street
P.O. Box 632
Hackensack, NJ 07602
(201) 489-2245 877-767-2245 , (201) 489-8093 (Fax)

CLS # 19560

**ORIGINAL**

**FILED**

APR 16  4 56 PM '04

_Shirley B. Parraguirre_
CLERK

1   SUMM
    Eckley M. Keach, Esq.
2   Nevada Bar No. 1154
    ECKLEY M. KEACH, CHTD.
3   520 South Fourth Street
    Las Vegas, NV  89101
4   (702) 384-5563

5   Robert E. Murdock, Esq.
    Nevada Bar No. 4013
6   MURDOCK & ASSOCIATES, CHTD.
    520 South Fourth Street
7   Las Vegas, NV  89101
    (702) 384-5563
8   Attorneys for Plaintiffs

9

10                    DISTRICT COURT

11                CLARK COUNTY, NEVADA

12

13   ERIN HOLMES, individually; and      )   CASE NO.
     SHAWN HOLMES, individually,         )   DEPT. NO. A 483456
14                                        )             XVIII
                    Plaintiffs,           )
15                                        )   SUMMONS
     vs.                                  )
16                                        )
     MERCK & COMPANY, a New Jersey        )
17   corporation; CLARK COUNTY, a political )
     subdivision of the STATE OF NEVADA;  )
18   CLARK COUNTY HEALTH DISTRICT;        )
     and JOHN DOES I through X, inclusive; )
19   and ROE CORPORATIONS I through X,    )
     inclusive,                           )
20                                        )
                    Defendants.           )
21   _____ )

22       NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU

23   WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20)

24   DAYS. READ THE INFORMATION BELOW.

25       TO THE DEFENDANT:   **CLARK COUNTY**

26       1.      A civil complaint has been filed by Plaintiff against you for the relief set forth in the
     complaint.

27       2.      If you intend to defend this lawsuit, within 20 days after this Summons is served on

28   you exclusive of the day of service, you must do the following:

RECEIVED APR 10 2004 COUNTY CLERK

      (a)    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

      (b)    Serve a copy of your response upon the attorney whose name and address is shown below.

    3.    Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    4.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

**SHIRLEY PARAGUIRRE, Clerk of Court**

TEODORA JONES

By_____

Deputy Clerk
Clark County Courthouse
200 South Third Street
Las Vegas, NV 89155

DISTRICT
COURT
SEAL

Date

Issued at the direction of:

ECKLEY M. KEACH, CHTD.
MURDOCK & ASSOCIATES, CHTD.

Eckley M. Keach    Bar No. 1154
Robert E. Murdock   Bar No. 4013
520 South Fourth Street
Las Vegas, NV 89101
Attorney for Plaintiffs

2

# AFFIDAVIT OF SERVICE

STATE OF NEVADA      )
                       ) ss.
COUNTY OF CLARK    )

_____Scott Hetrick_____, being first duly sworn, says:  That at all times herein, affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.  This affiant received _one_ copy(ies) of the Summons and Complaint on the _8th_ day of April, 2004, and served same on the _12th_ day of ___April_____, 2004, by delivering and leaving a copy with defendant (Name: _CLARK COUNTY_____ at __500 S. Grand Central Pkwy 6th Floor, Las Vegas, NV_____ (address).

By Serving:  Stan Jenkins, Managing Agent

_____
Signature of Person Making Service

Subscribed and sworn to before me
this 13th day of _April_____, 2004

_____
Notary Public

NOTARY PUBLIC
County of Clark-State of Nevada
REBECCA BAKER
No. 96-3807-1
My Appointment Expires Aug. 1. 2004

3

ORIGINAL

FILED

APR 16   4 56 PM '04

~~Shirley B. Parraguirre~~
CLERK

1   **SUMM**
    Eckley M. Keach, Esq.
2   Nevada Bar No. 1154
    ECKLEY M. KEACH, CHTD.
3   520 South Fourth Street
    Las Vegas, NV  89101
4   (702) 384-5563

5   Robert E. Murdock, Esq.
    Nevada Bar No. 4013
6   MURDOCK & ASSOCIATES, CHTD.
    520 South Fourth Street
7   Las Vegas, NV  89101
    (702) 384-5563
8   Attorneys for Plaintiffs

9

10                      **DISTRICT COURT**

11                  **CLARK COUNTY, NEVADA**

12

13  ERIN HOLMES, individually; and        )   CASE NO. **A483456**
    SHAWN HOLMES, individually,           )   DEPT. NO. ___XVIII___
14                                         )
                    Plaintiffs,            )
15                                         )   **SUMMONS**
    vs.                                    )
16                                         )
    MERCK & COMPANY, a New Jersey          )
17  corporation; CLARK COUNTY, a political )
    subdivision of the STATE OF NEVADA;    )
18  CLARK COUNTY HEALTH DISTRICT;          )
    and JOHN DOES I through X, inclusive;  )
19  and ROE CORPORATIONS I through X,      )
    inclusive,                             )
20                                         )
                    Defendants.            )
21  _____   )

22      **NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**

23  **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20)**

24  **DAYS. READ THE INFORMATION BELOW.**

25      **TO THE DEFENDANT:   CLARK COUNTY HEALTH DISTRICT**

26      1.      A civil complaint has been filed by Plaintiff against you for the relief set forth in the
    complaint.

27      2.      If you intend to defend this lawsuit, within 20 days after this Summons is served on

28  you exclusive of the day of service, you must do the following:

(a)     File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

(b)     Serve a copy of your response upon the attorney whose name and address is shown below.

3.     Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

4.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

**SHIRLEY PARAGUIRRE, Clerk of Court**

By_____  APR 3 0 2004
          TEODORA JONES
Deputy Clerk                              Date
Clark County Courthouse
200 South Third Street
Las Vegas, NV 89155

DISTRICT
COURT
SEAL

Issued at the direction of:

ECKLEY M. KEACH, CHTD.
MURDOCK & ASSOCIATES, CHTD.

Eckley M. Keach     Bar No. 1154
Robert E. Murdock   Bar No. 4013
520 South Fourth Street
Las Vegas, NV 89101
Attorney for Plaintiffs

2

# AFFIDAVIT OF SERVICE

STATE OF NEVADA        )
                       ) ss.
COUNTY OF CLARK        )

_____Scott Hetrick_____, being first duly sworn, says: That at all times herein, affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. This affiant received __one__ copy(ies) of the Summons and Complaint on the __8th__ day of April, 2004, and served same on the __2th__ day of __April_____, 2004, by delivering and leaving a copy with defendant (Name: CLARK COUNTY HEALTH DISTRICT    at ____625 Shadow Lane,_____

Las Vegas, NV _____ (address).

By Serving:  Diana Lindquist, Legal Asst.

_____
Signature of Person Making Service

Subscribed and sworn to before me
this __13th__ day of __April_____, 2004

_____
Notary Public

NOTARY PUBLIC
County of Clark-State of Nevada
REBECCA BAKER
No. 96-3807-1
My Appointment Expires Aug. 1, 2004

3

1 | **SAO**
Eckley M. Keach, Esq.
2 | Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
3 | 520 South Fourth Street
Las Vegas, NV 89101
4 | (702) 384-5563

5 | Robert E. Murdock, Esq.
Nevada Bar No. 4013
6 | MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
7 | Las Vegas, NV 89101
(702) 384-5563
8 | Attorneys for Plaintiffs

9

10 | **DISTRICT COURT**

11 | **CLARK COUNTY, NEVADA**

12

13 | ERIN HOLMES, individually; and
SHAWN HOLMES, individually,
14 |
| Plaintiffs,
15 |
vs.
16 |
MERCK & COMPANY, a New Jersey
17 | corporation; CLARK COUNTY, a political
subdivision of the STATE OF NEVADA;
18 | CLARK COUNTY HEALTH DISTRICT;
and JOHN DOES I through X, inclusive;
19 | and ROE CORPORATIONS I through X,
inclusive,
20 |
| Defendants.
21 |

CASE NO.   A 483456
DEPT. NO.   XVIII

**STIPULATION AND ORDER FOR
DISMISSAL OF DEFENDANTS
CLARK COUNTY AND CLARK
COUNTY HEALTH DISTRICT**

22

23

24

25

26

27

28

1       IT IS HEREBY STIPULATED by and between the parties hereto, through their respective

2    counsel of record, that defendants Clark County and Clark County Health District shall be, and

3    hereby are, dismissed without prejudice.

4       DATED this _____ day of May, 2004.

5    ECKLEY M. KEACH, CHTD.          EDWARDS, HALE, STURMAN &
     MURDOCK & ASSOCIATES, CHTD.       CUSHING, LTD.

6

7

8    Eckley M. Keach    Bar No. 1154      Gloria J. Sturman    Bar No. 2314
     Robert E. Murdock  Bar No. 4013      415 South Sixth Street, Suite 300

9    520 South Fourth Street          Las Vegas, NV 89101
     Las Vegas, NV 89101           Attorneys for Clark County Health District

10   Attorneys for Plaintiffs

11

12                       **ORDER**

13       Based on the foregoing Stipulation for Dismissal of Clark County and Clark County Health

14   District and good cause appearing therefor,

15       **IT IS HEREBY ORDERED** that defendants Clark County and Clark County Health District

16   be dismissed, without prejudice.

17       DATED this _____ day of May, 2004.

18

19

20                    DISTRICT JUDGE

21   Respectfully submitted by:

22   ECKLEY M. KEACH, CHTD.
     MURDOCK & ASSOCIATES, CHTD.

23

24

25   Eckley M. Keach    Bar No. 1154
     Robert E. Murdock  Bar No. 4013

26   520 South Fourth Street
     Las Vegas, NV 89101

27   Attorneys for Plaintiffs

28