# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIN HOLMES, individually; and SHAWN HOLMES, individually,

          Plaintiffs,

vs.

MERCK & CO., INC., et al.,

          Defendants.

Case No. 2:04-cv-00608-BES (GWF)

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Take Deposition of Expert Witness (#46), filed May 30, 2006; Merck's Opposition to Plaintiffs' Motion (#53), filed on June 9, 2006; and Plaintiff's Reply (#56), filed on 6/19/06. The Court conducted a hearing on this matter on June 13, 2006.

## BACKGROUND

Plaintiffs' infant child, Jacob Holmes, died in October 2002 allegedly as a result of an infection caused by a vaccine manufactured by Defendant Merck. Plaintiffs filed their action in Nevada District Court in April, 2004 and the Defendant promptly removed the action to the United States District Court in May 2004. The parties have engaged in extensive discovery including obtaining relevant medical records, written discovery and depositions of some of the decedent's treating physicians. On May 19, 2006, the Court granted a further extension of time for the parties to complete non-expert witness discovery through September 18, 2006 and deferred setting a schedule for expert witness discovery pending a hearing on Plaintiff's foregoing Motion (#46) and this order.

1  Plaintiffs request leave from the Court to take the deposition of their own expert witness
2  Dr. Charles M. Poser, M.D., a non-treating physician residing in Boston, Massachusetts, prior to the
3  end of June or within the next several weeks. Plaintiffs have attached to their Motion (#46) a copy of
4  Dr. Poser's April 28, 2006 opinion letter in which he states that Jacob Holmes' infection and resulting
5  death were caused by the Merck vaccine he received in April 2002. Plaintiffs' purpose for deposing
6  Dr. Poser is to preserve his testimony for use at trial in the event he is unavailable to testify at trial.
7  According to a letter by Dr. Poser attached to Plaintiffs' Motion, he is 82 years old, has a prior history
8  of coronary by-pass surgery, and has recently suffered from ailments due to a hiatal hernia. Dr. Poser
9  also states that since February 2004, he has used a cane and wheelchair because of loss of equilibrium
10 and constant low back pain for which he is rated as 50% disabled.

11  Defendant raised two objections to Plaintiffs' Motion. First, Defendant states that in order to
12 effectively cross-examine Dr. Poser at deposition, they need to complete the depositions of two treating
13 physicians, Dr. Smith and Dr. Cherry. Defendant also seeks further responses from Plaintiffs to
14 contention interrogatories which Defendant states are relevant to the matters that they will cross-
15 examine Dr. Poser about at deposition. Defendant states that it will be unfairly prejudiced if Dr. Poser
16 is deposed prior to the completion of this discovery and if his deposition testimony is subsequently used
17 at trial. Secondly, Defendant argues that it should be permitted to conduct a discovery deposition of Dr.
18 Poser prior to his deposition for use at trial in order to prepare the type of cross-examination that they
19 would otherwise do if Dr. Poser actually testified at trial.

20  Plaintiffs object to any unnecessary delay in obtaining Dr. Poser's testimony and also argue that
21 a two-tiered deposition, for discovery and trial purposes, is not authorized by the rules and is
22 unnecessary. Plaintiffs argue in this regard that the Federal Rules of Civil Procedure do not provide for
23 two types of depositions, one for discovery purposes and the other for trial purposes. Plaintiffs further
24 point out that when a witness is unavailable at trial, his/her deposition testimony may be admitted at
25 trial.

26  **DISCUSSION**

27  Rule 26(c) of the Federal Rules of Civil Procedure vests the court with discretion regarding the
28 conduct of discovery and authorizes the court to make any order which justice requires to protect a

1  party or person from annoyance, embarrassment, oppression, or undue burden and expense.  Such
2  orders may include that disclosure or discovery may be had only on specified terms and conditions.
3  Although Rule 26(d) does not require that discovery be conducted in any prescribed sequence, the
4  court, on motion, for the convenience of parties and witnesses and in the interests of justice, may order
5  otherwise.
6       Rule 26(a)(2)(B) provides that an expert who has been retained or specially employed to provide
7  expert testimony in the case is required to provide a report regarding his opinions and other information
8  relevant to his qualifications.  Under Rule 26(b)(4), a party may depose any person who has been
9  identified as an expert and whose opinions may be presented at trial.  Rule 26(b)(4) further provides
10 that if the expert witness is required to provide a report, his deposition may be conducted only after the
11 report is provided.  The 1993 Amendment to the Advisory Committee Notes states that Rule 26(b)(4)
12 conforms to the actual practice in most jurisdictions that depositions of expert witnesses are standard.
13       Fed.R.Civ.Pro. 32(a) provides that a deposition of a witness may be used for any purpose if the
14 witness has died, or is unable to attend or testify because of age, illness or infirmity, or that such
15 exceptional circumstances exist as to make it desirable, in the interests of justice and with due regard to
16 the importance of presenting the testimony orally in open court, to allow the deposition to be used.
17 Depositions of witnesses, which were conducted for discovery purposes, may be used at trial where the
18 witness is unavailable to testify as a live witness.  Courts have applied this rule to depositions of expert
19 witnesses where, for legitimate and unanticipated reasons, the expert was not available to testify at trial.
20 *Savoie v. LaFourche Boat Rentals*, 627 F.2d 722 (5th Cir. 1980); *Gill v. Westinghouse Electric Corp.*,
21 714 F.2d 1105 (11th Cir. 1983).  The Federal courts have rather uniformly held that depositions serve
22 the two purposes of discovery and preservation of testimony and  have rejected objections that
23 deposition testimony should not be admissible on the grounds that it was intended only for discovery
24 purposes. *Gill v. Westinghouse Electric Corp., supra; Polys v. Trans-Colorado Airlines*, 941 F.2d 1404
25 (10th Cir. 1991).
26      Courts have, however, also exercised their discretion to refuse to admit the deposition testimony
27 of an expert witness where the proponent failed to make adequate efforts to secure the attendance of the
28 expert witness at trial.  *See Caron v. General Motors Corp.*, 643 N.E.2d 471 (Mass.App. 1994),

1  discussing federal and state court decisions. As the court in *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529,
2  536 (2d Cir. 1973), noted, unlike the typical witness whose involvement with the case may depend on
3  the fortuity of his observing a particular event and whose presence at trial is often involuntary, a party
4  ordinarily has the opportunity to choose the expert witness whose testimony he desires and to arrange
5  for the expert to appear and testify at the trial. Furthermore, because a retained expert witness usually
6  has no involvement with the case other than his willingness to review the case and testify as an expert, a
7  party is likely to have the ability to select an expert witness who will or should be available to testify at
8  trial.

9  In this case, Plaintiffs have retained an expert witness who is elderly and who, according to his
10 letter, suffers from physical and medical conditions that raise the potential that he may not be available
11 to testify orally in open court at the time of trial. Plaintiffs' expert also resides in Boston,
12 Massachusetts, which further raises the potential that he will not able to travel to Nevada to testify at
13 the trial because of his age and medical condition. The Court has no information that Plaintiffs
14 purposely selected Dr. Poser as their expert witness because he would not be available to testify at trial,
15 or for reasons other than that he is qualified to express the opinions set forth in his report. On the other
16 hand, in selecting Dr. Poser as their expert, Plaintiffs at least had notice regarding the potential
17 difficulty in his ability to appear and testify at trial. The Court has not been provided with any
18 information that no other qualified experts exist who could testify on behalf of Plaintiffs in this case.

19 Under these circumstances, the Defendant is entitled to some deference in regard to the
20 scheduling of Dr. Poser's deposition and the circumstances under which it occurs, to conform as
21 reasonably as possible to the usual and standard practice regarding depositions and trial testimony of
22 retained expert witnesses and to reasonably ensure that Defendant is not unfairly prejudiced in the
23 preparation of their defense. Accordingly,

24 **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Take Deposition of Expert Witness
25 (#46) is **GRANTED,** in part, as follows:

26 1. Defendant will conduct all necessary discovery needed to prepare for the deposition of
27 Plaintiffs' expert witness, including the depositions of Dr. Smith and Dr. Cherry, on or before August
28 31, 2006. Plaintiffs' and Defendant's counsel shall meet and confer on or before July 1, 2006 to resolve

1  any dispute regarding further responses to Defendant's contention interrogatories.  If the parties cannot
2  resolve the dispute, Plaintiffs or Defendant may file an emergency motion to compel/protective order
3  regarding the interrogatory responses so that the issues can be resolved prior to August 31, 2006.
4        2.      The deposition of Plaintiffs' expert witness, Dr. Charles Poser, M.D., may be taken after
5  August 31, 2006.  Prior to Plaintiffs' counsel deposing Dr. Poser for purposes of preserving his
6  testimony for use at trial, the Defendant shall be permitted to depose Dr. Poser for discovery purposes.
7  Upon completion of the discovery deposition, Dr. Poser's deposition for preservation of his trial
8  testimony may proceed, within ten (10) days of completion of his discovery deposition, but no later than
9  September 30, 2006.  During the preservation of testimony deposition, Dr. Poser may be cross-
10 examined regarding his testimony during the discovery deposition in the same manner that he could be
11 examined if he was testifying at trial.
12       3.      In the event Plaintiffs make the requisite showing of Dr. Poser's unavailability to testify
13 at trial, the preservation of testimony deposition may be used at trial.
14       4.      The parties may, by mutual agreement, modify the conditions regarding the conduct and
15 scheduling of Dr. Poser's discovery and preservation of trial testimony depositions.
16       **IT IS FURTHER ORDERED** that the parties shall disclose their other experts and provide
17 their exports' reports on or before October 31, 2006.  Rebuttal experts shall be disclosed and their
18 reports provided on or before November 30, 2006 and the parties shall have until January 15, 2007 in
19 which to complete the depositions of all expert witnesses other than Dr. Charles Poser.
20       DATED this 21st day of June, 2006.

                                      GEORGE FOLEY, JR.
                                      U.S. MAGISTRATE JUDGE