

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN HOLMES, individually; and SHAWN HOLMES, individually,<br><br>Plaintiffs,<br>v.<br><br>MERCK & COMPANY, a New Jersey corporation; and JOHN DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | 2:04-cv-00608-BES-GWF<br><br>**ORDER** |

Currently before this Court is Defendant's Supplemental Motion for Summary Judgment (#101), filed on November 13, 2007. Plaintiffs filed their Opposition (#102) on December 3, 2007 and Defendant filed its Reply (#103) on December 17, 2007. The Court has reviewed these pleadings and considered argument presented at a hearing before the Court on June 9, 2008.

### I. BACKGROUND

This is a wrongful death lawsuit brought by the parents of a child who died on October 25, 2002, six months after he received the measles, mumps and rubella ("MMR") vaccine. The parents, Plaintiffs Erin Holmes and Shawn Holmes, allege that their child's death was caused by the MMR vaccine, which is manufactured by Defendant Merck & Company ("Merck"). In December of 2003, the child's estate received $250,000 from the government fund created under the National Childhood Vaccine Injury Compensation Act of 1986, 42 U.S.C. § 300aa-1, et seq. (the "Vaccine Act"). Plaintiffs initiated this action in state court on April 6, 2004 and the case was removed to federal court on May 11, 2004. The Complaint sets forth the following

state law claims: (1) negligence, (2) strict product liability, (3) negligent design, (4) failure to warn, (5) misrepresentation, (6) express warranty, (7) implied warranty of merchantability, (8) implied warranty of fitness for a particular purpose, and (9) punitive damages.

On April 5, 2007, Merck filed a motion for summary judgment on all of Plaintiffs' claims on the basis that the entire lawsuit is barred because the child's estate has already been compensated by its acceptance of an award under the Vaccine Act. Alternatively, Merck argued that Plaintiffs' claims fail because this action is subject to the defenses set forth in the Vaccine Act. On November 1, 2007, the Court issued an Order (#100) granting Merck's motion as to the first, second, third, and fourth causes of action. Noting that the parties had not provided sufficient analysis on the remaining claims, the Court declined to dismiss Plaintiffs' misrepresentation, breach of warranty and punitive damages claims, without prejudice to renew a motion that includes the proper analysis on these claims. Accordingly, Merck has filed its Supplemental Motion for Summary Judgment seeking dismissal of Plaintiffs' remaining claims of misrepresentation, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and punitive damages.

## II. ANALYSIS

### A.   Legal Standard for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. Lynn v. Sheet Metal

///

Workers Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986); S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1306 (9th Cir. 1982).

If the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, then the respondent must show by specific facts the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978); see also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." Blue Ridge Insurance Co. v. Stanewich, 142 F.3d 1145, 1149 (9th Cir. 1998) (citing Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987)). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**B.      Sixth and Ninth Causes of Action Are Conceded by Plaintiffs**

As an initial matter, because Plaintiffs' Opposition contains no points and authorities that respond to Merck's argument regarding the Sixth Cause of Action (breach of express warranty) and Ninth Cause of Action (punitive damages), the Court may grant summary judgment as to those claims. See Local Rule 7-2 ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion").

3

1  **C.      Fifth Cause of Action - Misrepresentation**

2  Plaintiffs claims that Merck "misrepresented the truth of the rates of encephalopathy to
3  doctors and the general public at large." (Opp. (#102), p. 12). Under Nevada law, the
4  elements of fraud are: (1) a false representation made by the defendant; (2) defendant's
5  knowledge or belief that the representation was false (or insufficient basis for making the
6  representation); (3) defendant's intention to induce the plaintiff to act or refrain from acting in
7  reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the
8  misrepresentation; and (5) damage to the plaintiff resulting from such reliance. Bulbman, Inc.
9  v. Nevada Bell, 825 P.2d 588, 592 (Nev. 1992). Each element of fraud must be proven by
10 clear and convincing evidence. Id.

11 Merck contends that Plaintiffs' allegations of misrepresentation must fail as a matter of
12 law because they cannot satisfy any of the elements of their claim. First and foremost, Merck
13 argues that Plaintiffs cannot establish the element of reliance upon any representations made
14 by Merck regarding the safety of the MMR vaccine and the risk of encephalopathy. Justifiable
15 reliance upon an alleged misrepresentation is established when a plaintiff shows that the false
16 representation "played a material and substantial part in leading the plaintiff to adopt his
17 particular course." See Nevada Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1414 (D.
18 Nev. 1995) (citing Blanchard v. Blanchard, 839 P.2d 1320, 1322 (Nev. 1992)). Thus, if
19 Plaintiffs were unaware of Merck's alleged misrepresentation, or it is clear that they were not
20 in any way influenced by it, and would have done the same thing without it for other reasons,
21 their loss cannot be attributed to Merck. Id.

22 Plaintiffs have identified Merck's "product information sheet" (also referred to as a
23 "package circular" or "package insert") as the source of Merck's alleged misrepresentation.
24 However, Plaintiffs testified that they did not read this document *before* Jacob was vaccinated.
25 (See Motion (#101), Ex. B, at 41:12-16; Ex. C, at 97:10-15, 99:4-14). Accordingly, the alleged
26 misrepresentation could not have possibly influenced Plaintiffs' decision as to whether Jacob
27 should receive the MMR vaccine. Because Plaintiffs concede the absence of reliance, which
28 is an element essential to their misrepresentation claim, summary judgment should be granted

4

on this claim. See Bulbman, 825 P.2d at 592 ("Where an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper.").

**D.   Seventh Cause of Action - Breach of the Implied Warranty of Merchantability**

Under the Uniform Commercial Code, as adopted by Nevada, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." NRS 104.2314(1). Merchantability has a number of statutory meanings, one of which is relevant to this case: the goods must be "fit for the ordinary purposes for which such goods are used." NRS 104.2314(2)(c). Courts in other jurisdictions that have adopted UCC language identical to section 104.2314 of the Nevada UCC have held that the implied warranty of merchantability is breached only when the goods manifest a defect which renders them unfit for the ordinary purpose for which they are used. See, e.g., Ackermann v. Wyeth Pharmaceuticals, 471 F. Supp.2d 739, 744-45 (E.D. Tex. 2006) (claim rejected because there was no evidence that prescription drug was "not fit for the ordinary purpose for which it is used, treating depression and general anxiety disorder."). Plaintiffs' claim clearly fails in this respect. The parties do not dispute that the MMR vaccine is fit for the ordinary purpose for which it is used, to immunize against certain diseases. In fact, Plaintiffs' expert, Charles Poser, M.D., testified that "there is nothing wrong with this vaccine." (Motion (#101), Ex. D, at 41:2-3, 22-23; 43:12-17).

Plaintiffs seek to impose liability by expanding the scope of the warranty of merchantability based on a theory that the vaccine was not merchantable as to Jacob because his idiosyncratic reaction to the vaccine caused him to die. Plaintiffs' argument is wholly without merit. Liability cannot attach under a theory of implied warranty of merchantability when the injury constitutes an idiosyncratic reaction to a product. See, e.g., Ackerman, 471 F. Supp.2d at 745 (no breach of warranty where drug "reacts in a certain way with a small group of patients"); Whitson v. Safeskin Corp., 313 F. Supp.2d 473, 480 (M.D. Pa. 2004) ("a seller cannot be liable for breach of an implied warranty [of merchantability] merely because of a harmful effect due to an individual idiosyncrasy on the part of the buyer").

Here, there is no factual dispute that the "ordinary purpose" of the MMR vaccine is to immunize against disease. Plaintiffs do not contend that their child contracted one of the diseases he was immunized for. Because the harm that Plaintiffs complain of is not a harm that they can recover for under a theory of breach of an implied warranty of merchantability, Merck's motion for summary judgment is granted on this claim.

### E.     Eighth Cause of Action - Breach of Implied Warranty of Fitness for a Particular Purpose

NRS 104.2315 provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

Thus, the statutory language governing this claim requires Plaintiffs to show a "particular purpose for which the goods are required," which differs from the "ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business." See Sennett v. Fleetwood Motor Homes of California, Inc., 2006 WL 1544373, *9 (D. Ariz. 2006) (applying Nevada law). Plaintiffs have not provided any evidence that they contemplated a particular purpose for the MMR vaccine beyond its ordinary purpose, immunization against certain diseases. It likewise follows that Merck had no reason to know of any particular purpose for which the vaccine was required. Plaintiffs argue that Merck warranted the fitness of the vaccine for a particular purpose of "be[ing] used by persons with all sorts of different DNA, etc." and "[b]ased on the particular makeup of Jacob, there should be a warranty." (Opp. (#102), p. 12). However, Plaintiffs' theory of this cause of action does not identify any legally cognizable "particular purpose" for which they obtained the vaccine, other than the general purpose of immunization. Therefore, Merck is entitled to summary judgment on the implied warranty of fitness for a particular purpose claim.

///

///

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Supplemental Motion for Summary Judgment (#101) is GRANTED.  The Clerk of the Court shall enter judgment accordingly.

DATED: This 13th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE