# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN HOLMES, individually; and SHAWN HOLMES, individually,<br><br>                              Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., et al.,<br><br>                              Defendants. | Case No.  2:04-CV-00608-BES (GWF)<br><br>**ORDER**<br><br>**Motion for Judicial Review of Clerk's Memorandum (#119) and Statement of Facts Concerning Bill of Costs (#109) - #120** |

      This matter is before the Court on Defendant's Bill of Costs (#113), filed on July 3, 2008; Plaintiff's Opposition to Defendant's Bill of Costs (#118), filed on July 17, 2008; the Clerk's Memorandum Regarding Taxation of Costs (#119), filed on July 22, 2008; Defendant's Request/ Motion for Judicial Review of Clerk's Memorandum and Statement of Facts Concerning Bill of Costs (#120), filed on July 23, 2008; Plaintiff's Opposition to Request for Judicial Review of Clerk's Memorandum and Statement of Facts Concerning Bill of Costs (#122), filed on August 8, 2008; and Defendant's Reply in Support of Request for Judicial Review of Clerk's Memorandum and Statement of Facts Concerning Bill of Costs (#123), filed on August 21, 2008.

## BACKGROUND

      On June 16, 2008, the District Court entered order (#108) which granted Defendant's Supplemental Motion for Summary Judgment, thereby disposing of Plaintiff's remaining claims in this lawsuit. The order directed the Clerk of Court to enter judgment accordingly. The Clerk entered the Judgment in a Civil Case (#109) pursuant to the Court's order on June 16, 2008. Defendant thereafter filed its Bill of Costs (#113) on July 3, 2008. Plaintiffs argue that Defendant's Bill of Costs was untimely filed. In the alternative, Plaintiffs request that the Court exercise its discretion to deny Defendant's application for costs in this case. On July 22, 2008, the Clerk of Court filed his

Memorandum Regarding Taxation of Costs which stated that Defendant's Bill of Costs was untimely pursuant to Local Rule 54-1and the Clerk therefore cannot tax costs. In response to the Clerk's Memorandum and the Plaintiffs' Opposition, Defendant argues that its Bill of Costs was timely filed and that Plaintiffs' request for discretionary relief from the awarding of costs should be denied.

## **DISCUSSION**

Fed.R.Civ.Pro. 54(d) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees–should be allowed to the prevailing party. ... The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action.

Fed.R.Civ.Pro. 54 contains no time limit for when a bill of costs must be filed after the entry of the judgment. Local Rule (LR) 54-1(a) of the Local Rules of Practice of the United States District Court for the District of Nevada provides, however, that the prevailing party shall serve and file a bill of costs and disbursements on the form provided by the clerk no later than ten (10) days after the date of entry of the judgment or decree. Local Rule 54-1 mirrors Fed.R.Civ.Pro. 59(b) and (e) which provides that motions for new trial or to alter or amend a judgment must be filed "no later than 10 days after the entry of judgment."

LR 54-1 has been construed in accordance with Fed.R.Civ.Pro. 6(a)(2) which provides that weekends and holidays are not counted in the time computation. *See Walsh v. Kelly*, 203 F.R.D. 597, 598 (D.Nev. 2001). Thus, under Rule 6(a), the ten days, not including intermediate Saturdays and Sundays, expired on June 30, 2008. Defendant's Bill of Costs, however, was not filed until three days later on July 3, 2008.

Defendant argues, however, that it was also entitled to add three days to the time allowed for the filing a bill of costs pursuant to Fed.R.Civ.Pro. 6(d) which states:

> When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

Rule 5(b)(2)(E) provides that a paper is served under this rule by sending it by electronic means. Because the Judgment in a Civil Case (#109) was entered electronically through the CM/ECF process, Defendant argues that the additional three days should be added to the ten day time limit under Local

1  Rule 54-1 and the Bill of Costs was therefore timely filed.

2  In *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929-930 (9th Cir. 1994), the local rule provided that motions for attorney's fees must be filed "no later than 30 days after entry of final judgment." The plaintiff filed his motion two days after the expiration of this deadline. Although the district court found that the motion was untimely, it excused the late filing based on excusable neglect under Fed.R.Civ.Pro. 6(b). In reversing the district court and holding that defendant's motion for attorney's fees should be denied as untimely, the court held that Rule 6(e)[1] and the district court's equivalent local rule "only enlarge the filing time when the period for acting runs from the *service* of a notice by mail." The court stated that Rule 6(e) does not apply when the time for acting is designated from the "entry of judgment" as opposed to the "service of notice" by mail.

The holding in *Kyle* is consistent with decisions in other circuits. In this regard, *Albright v. Virtue*, 273 F.3d 564, 571 (3rd Cir. 2001) states:

> It is thus clear that the critical point for measuring the timeliness of a 59(e) motion is *not* the date of service, but the date that the judgment is entered. Every court to consider the argument that Rule 6(e) extends the Rule 59(e) time limit by three days has rejected such an argument. *See, e.g. Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 467-68 (5th Cir.1998); *Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1290-91 (10th Cir.1996); *Derrington-Bey v. D.C. Dep't of Corr.*, 39 F.3d 1224, 1225-26 (D.C.Cir.1994); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1113-14 (11th Cir.1993); *Flint v. Howard*, 464 F.2d 1084, 1087 (1st Cir.1972); *see also* 1 James Moore et al., Moore's Federal Practice § 6.053[3], at 6-35 (3d ed. 1998) (Rule 6(e) does not apply to time periods that begin with the filing in court of a judgment or order. Thus, Rule 6(e) does not apply to the 10-day period that runs from entry of judgment for moving to alter or amend judgment pursuant to Rule 59(e).").

In *Miller v. Ford Motor Co.*, 2004 U.S.Dist. LEXIS 26543 (M.D.Fla.2004), the court followed the Eleventh Circuit's decision in *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1113-14 (11th Cir.1993), in holding that a motion for an award of costs and attorney's fees was untimely under the court's local rule which required that applications for fees and costs be filed no later than 14 days following entry of judgment and that 3 days are not added pursuant to Rule 6(e).

. . .

---

[1] Now Rule 6(d).

Defendant relies on *Hogan v. Robinson*, 2007 WL 833061, *3 (E.D.Cal.) and *Washington v. Texas Dept. of Criminal Justice*, 2006 WL 3245741, *2 (S.D. Tex.) in arguing that 3 days should be added pursuant to Rule 6(d). These cases, however, involved motions for reconsideration of a magistrate judge's order and an objection to a magistrate judge's recommendation which are governed by Fed.R.Civ.Pro. 72(a) and (b), and which provide that a party may serve and file objections to an order or recommendation of a magistrate judge within 10 days after being served with a copy of the order or recommendation. Because Rule 72, by its terms, imposes a 10 day limit after a party is served with the order or recommendation, these cases are inapplicable to rules such as Local 54-1 which require that the action be taken within a specified time period "after the entry of a judgement." *See Kyles, supra.*

Defendant also relies on the Nevada Supreme Court's decision in *Winston Products Co. v. DeBoer*, 134 P.3d 726 (Nev. 2006), which held that three days should be added to the time limit for filing a motion for new trial. The Nevada Rules of Civil Procedure ("NRCP"), however, differ from the Federal Rules of Civil Procedure in an important respect. NRCP 58(a) provides that "[t]he court shall designate a party to serve notice of entry of the judgment under subdivision (e)." NRCP 58(e) further states that the party designated by the court shall serve written notice of such entry upon each party and shall file the notice of entry with the clerk. NRCP 59(b) provides that a motion for new trial shall be filed no later than 10 days after service of written notice of entry of judgment. Thus, the time limits under the Nevada Rules are tied to the date when notice of entry of a judgment is served and not from the date of entry of judgment as provided in the Federal Rules. Accordingly, the Court concludes that Fed.R.Civ.Pro. 6(d) does not extend the time for filing a bill of costs under Local Rule 54-1 and Defendants' Bill of Costs therefore was not timely filed.

The Ninth Circuit in *Kyle* also rejected the argument that the untimeliness of the motion was excusable under Rule 6(b)(1)(B) based on excusable neglect. *Kyle* states:

> Finally, we note that the Supreme Court's recent decision in *Pioneer Investment Servs. v. Brunswick Assoc.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) does not aid Kyle. In *Pioneer*, the Court concluded that where the notice given a party about a court-ordered filing deadline contains a "dramatic' ambiguity' which could ... confuse [ ] [e]ven persons experienced in bankruptcy,'" it would be error to conclude that, absent prejudice to the other party, failure to comply with the deadline

was not excusable neglect. *See id.* at —, 113 S.Ct. at 1494.

*Kyle*, 28 F.3d at 931.

The court held that counsel's mistake in interpreting the time limit under the local rules and Fed.R.Civ.Pro. 6(e), which were not ambiguous, was not excusable neglect. In *Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005), the court also affirmed the district court's order denying plaintiff's motion for attorney's fees as untimely under Fed.R.Civ.Pro. 54(d)(2) because it was not filed within fourteen days after entry of the amended judgment and plaintiff's counsel could not demonstrate excusable neglect within the meaning of Fed.R.Civ.Pro. 6(b).

Because the Court concludes that Defendant's Bill of Costs was untimely and that the failure to file it within the time limit provided by the Rules does not constitute excusable neglect, Defendant is not entitled to recover its costs in this action. It is therefore unnecessary for the Court to address Plaintiff's alternative argument that the Court should exercise its discretion to deny costs in this case. Accordingly,

**IT IS HEREBY ORDERED** that Defendant is not entitled to recovery its costs in this action based on the untimeliness of its Bill of Costs (#113).

**IT IS FURTHER ORDERED** that Defendant's Request for Judicial Review of Clerk's Memorandum and Statement of Facts Concerning Bill of Costs (#120) is **denied**.

DATED this 29th day of October, 2008.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge